OPINION
{¶ 1} Plaintiff-appellant, Robert Kelch, appeals a decision of the Butler County Court of Common Pleas, terminating his marriage to defendant-appellee, Susan Kelch, and dividing the parties' marital assets. We affirm the decision of the trial court.
 {¶ 2} The parties were married in January 1982 and two children were born issue of the marriage. Appellant filed a complaint for divorce in October 2001 and appellee responded with an answer and counterclaim. The parties agreed to enter into a shared parenting agreement and the matter proceeded to trial on contested property and support issues. Primarily in dispute were alleged separate funds which both parties supposedly contributed to the purchase of the marital residence.
 {¶ 3} Appellant lived and worked abroad prior to the marriage. During this time appellant's housing and living expenses were largely paid for by appellant's employer, enabling him to invest most of his salary. This arrangement continued after the parties married in 1982, until 1986 when they returned to the United States.
 {¶ 4} In 1986, appellant withdrew money from alleged premarital certificates of deposit to use as a down payment for the marital residence on Milliken Road. In support of his contention, appellant offered testimony and documentation showing that approximately $43,000 was deposited into a marital account in February 1986. Appellant claims that approximately $37,000 of these funds were used as a down payment for the Milliken Road home. This residence was sold a few years later, and the proceeds were used as a down payment for the marital residence on Stonehenge Boulevard.
 {¶ 5} The parties agree that appellee's grandmother contributed an additional $26,000 to the down payment on the Stonehenge residence, but dispute whether this amount was marital property or a gift to appellee individually. In addition to her testimony asserting that the funds were a gift to her individually, appellee introduced a canceled check for $10,000, written to her individually, from an account jointly held by appellee and her grandmother.
 {¶ 6} The trial court entered its decision in November 2002. The trial court concluded that appellant had inadequately traced the funds he alleged were his premarital, separate property. The trial court further concluded that appellee had demonstrated that the $26,000 was a gift to her individually from her grandmother, and that she had sufficiently traced the funds. Consequently, appellee was awarded this sum as her separate property and appellant's claim was rejected. The trial court ordered an equitable division of the remainder of the marital property. Appellant appeals, raising two assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The trial court erred in failing to award plaintiff appellant, as his separate property, the premarital equity of $37,433.50 in the marital home."
 {¶ 9} In a divorce proceeding, the trial court must first determine what constitutes marital property and what constitutes separate property. See R.C. 3105.171(B). "Marital property" is defined in R.C. 3105.171(A)(3)(a)(i) and (ii) to include "[a]ll real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both of the spouses during the marriage[,]" and "[a]ll interest that either or both of the spouses currently has in any real or personal property * * * and that was acquired by either or both of the spouses during the marriage[.]" Marital property does not include separate property. R.C. 3105.171(A)(3)(b).
 {¶ 10} Once the trial court has determined the status of the parties' property, the court must generally disburse a spouse's separate property to that spouse and equitably distribute the marital property. R.C. 3105.171(B) and (D). The characterization of the parties' property requires a factual inquiry and the trial court's determination will not be reversed if supported by some competent, credible evidence. Barkley v. Barkley (1997),119 Ohio App.3d 155, 159.
 {¶ 11} Separate property is defined in part as any property "acquired by one spouse prior to the date of marriage." R.C.3105.171(A)(6)(ii). Appellant alleges in his first assignment of error that the down payment on the Milliken Road residence was made with his separate, premarital funds. However, our review of the testimony and evidence confirms the trial court's conclusion that appellant failed to adequately demonstrate that the down payment came from his separate funds.
 {¶ 12} Appellant offered evidence demonstrating that he deposited approximately $43,000 into a marital account in 1986, and that the down payment on the Milliken Road residence was paid with funds from this account. However, he failed to connect the $43,000 deposit with any premarital asset. While He testified that the funds came from the money he invested while working abroad, he also testified that he worked abroad and invested his income for some years, both before and during the marriage. Appellant failed to provide the trial court with evidence that the down payment was made with funds accumulated prior to the parties' marriage. Consequently, we overrule appellant's first assignment of error.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "The trial court erred when it held defendant/appellee had properly traced gifts as separate property."
 {¶ 15} In his second assignment of error, appellant argues that the trial court erred by finding that appellee had demonstrated that the $26,000 gift from her grandmother was her separate property.
 {¶ 16} "Separate property" is also defined as "[a]ny gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse." R.C. 3105.171(A)(6)(a)(vii). We again note that the trial court's factual determination will not be reversed if supported by some competent, credible evidence.Barkley at 159.
 {¶ 17} The parties agree that appellee's grandmother made a gift of $26,000 toward the down payment on the Stonehenge property. Appellee additionally presented documents demonstrating that her grandmother wrote at least one check to her individually, and that appellee then deposited the checks into a marital account. While the parties offered conflicting testimony as to whether the gift was to appellee individually, or to both parties, the trial court was in the best position to resolve this conflict in the testimony. See Schneider v. Schneider (Mar. 29, 1999), Brown App. Nos. CA98-03-007, CA98-03-009, citingOstendorf-Morris Co. v. Slyman (1982), 6 Ohio App.3d 46, 47. We again find that the record contains competent, credible evidence supporting the trial court's decision, and consequently overrule the second assignment of error.
 {¶ 18} Judgment affirmed.
Young, P.J., and Valen, J., concur.